JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-01386-SGL(FFMx)                    Date:  September 3, 2009

Title:      GALILEO INVESTMENTS AS TRUSTEE OF THE MAXY TRUST #25307 -*v*-
            RICARDO CHAVEZ, ET AL
=======================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

            Cindy Sasse                              None Present
            Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                             None present

**PROCEEDINGS:    ORDER REMANDING CASE**

       The present action was improperly removed and the Court lacks subject-matter jurisdiction
over it; accordingly, the Court **REMANDS** this case to Riverside Superior Court.

       Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over
matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins.
Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing
defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d
676, 685 (9th Cir. 2006).

       Although the Notice of Removal purports to remove the present action on the basis of the
Court's federal question jurisdiction, the federal claims referenced in the Notice of Removal are not
alleged in the complaint, which is a straightforward unlawful detainer action proceeding under state
law.   Instead, the reference is to defenses which defendant has asserted or intends to assert.
However, the assertion of a federal defense to a state-law claim does not convert the state-law
claim into one "arising under" federal law for purposes of federal-question jurisdiction.  <u>See
Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-
called "well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction.
See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising

ED CV 09-01386-SGL(FFMx)
GALILEO INVESTMENTS AS TRUSTEE OF THE MAXY TRUST #25307 v RICARDO CHAVEZ, ET AL
MINUTE ORDER of September 3, 2009

under federal law).

      There is no evidence that petitioner and respondents are citizens of different states, and the amount in controversy (expressly stated as less than $10,000) does not meet the threshold jurisdictional amount of $75,000 (exclusive of interest and costs), both of which are required to invoke the Court's diversity jurisdiction.  See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, defendant, who reports his address as the property at issue in this action (located in Moreno Valley, California), is clearly a forum defendant who may not remove a state-court action that does not arise under federal law.  See 28 U.S.C. § 1441(b).

      In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand of the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to the San Bernardino Superior Court.

      The Clerk shall close the case.

      **IT IS SO ORDERED.**